IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00654–WYD–KMT

ROBERT JAMES MERCER,

      Plaintiff,

v.

ROBERT PETERSON, in his individual and official capacities,
MICHAEL MOORE, in his individual and official capacities,
WILLIAM FRANGIS,
ELBERT COUNTY SHERIFF'S DEPARTMENT, and
COUNTY OF ELBERT, COLORADO, in their official capacities,

      Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion to Reconsider in Part Minute Order Dated July 29, 2010" filed September 1, 2010. (Doc. No. 67.) Defendants filed their Response on September 17, 2010. (Doc. No. 70.)

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment, and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed

his Motion on September 1, 2010, more than ten days after this court's order granting fees and costs. As such, Plaintiff's Motion will be construed as a Rule 60(b) motion.

Rule 60(b) "is not available to allow a party to reargue an issue previously addressed by the court when reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

There are three possible grounds which warrant reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In considering whether there is clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have previously been addressed or for a party to advance arguments that could have been raised previously. *Id.*

The bases for Plaintiff's Motion either were presented at the time he filed the motion addressed by this court in the Show Cause Hearing held on July 29, 2010, or could have been presented at that time. The Motion also does not present any evidence or argument that there has been a change in the controlling law and does not identify a specific error in the court's prior

rulings that should be corrected to prevent manifest injustice. Plaintiff has not demonstrated an entitlement to relief under Rule 60(b).

Therefore, it is

**ORDERED** that "Plaintiff's Motion to Reconsider in Part Minute Order Dated July 29, 2010" (Doc. No. 67) is **DENIED**.

Dated this 24th day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge