IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00654–WYD–KMT

ROBERT JAMES MERCER,

    Plaintiff,

v.

ROBERT PETERSON, in his individual and official capacities,
MICHAEL MOORE, in his individual and official capacities,
WILLIAM FRANGIS,
ELBERT COUNTY SHERIFF'S DEPARTMENT, and
COUNTY OF ELBERT, COLORADO, in their official capacities,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

"Plaintiff's Motion to Strike Defendants' Reply to Response to Motion for Summary Judgment" (Doc. No. 97, filed January 18, 2011) is DENIED. Plaintiff asserts Defendants' reply was filed late, in violation of D.C.COLO.LCivR 56.1. However, D.C.COLO.LCivR 56.1 does not provide deadlines for the filing of a response or reply. Instead, D.C.COLO.LCivR 7.1C. provides:

> The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response. The moving party may file a reply within 14 days after the date of service of the response, *or such lesser or greater time as the court may allow*.

D.C.COLO.LCivR 7.1C. (emphasis added). The court notes that Defendants' Reply was filed on January 13, 2011 (Doc. No. 94), but was incorrectly filed as a motion. Therefore, the court instructed Defendants to re-file the document as a reply to a response. (Doc. No. 95.)

Moreover, the local rules must be read in conjunction with the Federal Rules of Civil Procedure. The Federal Rules provide that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) . . ., 3 days are added after the period would

otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 5(b)(2)(C) refers to service by mail, as occurred in this case. Accordingly, Defendants' Reply was timely filed.

Dated: January 19, 2011