IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00654–WYD–KMT

ROBERT JAMES MERCER,

    Plaintiff,

v.

ROBERT PETERSON, in his individual and official capacities,
MICHAEL MOORE, in his individual and official capacities,
WILLIAM FRANGIS,
ELBERT COUNTY SHERIFF'S DEPARTMENT, and
COUNTY OF ELBERT, COLORADO, in their official capacities,

    Defendants.

## ORDER

This matter is before the court on Defendants' Proposed Bill of Costs and Attorneys' Fees [Doc. No. 110]. The Bill of Costs was filed following this court's denial of Plaintiff's Motion to Compel [Doc. No. 100] and subsequent award of attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(5). *See* Minute Entry, April 6, 2011 [Doc. No. 108]. Plaintiff filed objections to the Proposed Bill of Costs on April 25, 2010 [Doc. No. 115] and Defendants filed "Defendants' Response to Plaintiff's Objection To Defendants' Bill of Costs and Attorneys' Fees" ("Resp.") on May 9, 2011 [Doc. No. 119].

*Background*

On January 10, 2011, the parties came before the court for a hearing on two motions filed by Defendants: "Defendants' Second Motion to Compel Discovery" [Doc. No. 79] and "Defendants' Unopposed Motion for Extension of Discovery Deadline for the Limited Purpose of Deposing Plaintiff's Treating Health Care Providers Dr. Vanderleest and Dr. Orahood" [Doc. No. 80]. Plaintiff appeared *pro se*. *See* Transcript of Proceedings of January 10, 2011Motions Hearing ("Trans.") [Doc. No. 119-1]. After hearing argument, both motions were granted and Plaintiff was sanctioned in the amount of $1,000.00 for failure to timely comply with his discovery obligations. (Trans. at 26:6-14.) This was the second time the court had awarded sanctions against the *pro se* Plaintiff in connection with discovery misbehavior. *See* Minute Entry for Show Cause Hearing, July 29, 2010 [Doc. No. 66].

During the January hearing, Plaintiff voiced dissatisfaction that Defendants were able to come before the court to compel Plaintiff to fully respond to discovery, when, in Plaintiff's view, he had been unable to bring Defendants' discovery deficiencies to the court's attention. (Trans. at 6:2-9.) When questioned further, Plaintiff explained that he had submitted supplemental discovery requests for Defendants to provide medical releases in support of his position that "the medical records [of Defendants] that are requested from them are psychological records that are based on their performance and how negligent they were in the arrest of me on April 5th of 2007 . . . ." (Trans. at 8:15-18.) Defendants objected to the discovery request as being submitted on the last day of the discovery period and they did not provide documents or other responses.

(Trans. at 6:18-25.)  Plaintiff did not dispute that his request for the records was untimely. (Trans. at 9:19-10:6.)

This court admonished Plaintiff for submitting his supplemental discovery requests out of time and advised him that the objections by Defendants on that basis were appropriate.  (Trans. at 7:7-15.)  Further, the court discussed with Plaintiff the relevance of the supplemental requests for medical and psychological records.  (Trans. at 8:6-14.)  Plaintiff thereafter proffered his rationale supporting the relevance of the requests.  The court acknowledged that, while it was possible the requests had some relevance, Plaintiff had requested the documents much too late in the case.  (Trans. 8:19-22; 9:9-16.)

After further discussing with both parties the exact timing of Plaintiff's submission of the supplemental discovery request, the court agreed to allow Plaintiff to file a motion to compel in which he could attempt to justify why he was late in submitting his supplemental discovery requests to Defendants and ask the court to compel production of the requested documents and records.  (Trans. at 10:7-13.)  The allowable parameters of the motion to compel implicitly covered only Plaintiff's supplemental requests for medical and psychological records of the Defendants and Defendants' objection that the late discovery request justified non-production. Plaintiff was allowed one week from the date of the hearing within which to file his motion to compel if he so desired.  (*Id*.)  Plaintiff filed "Plaintiff's Motion to Compel Discovery" ("Mot. Compel") on January 18, 2011 [Doc. No. 100].

*Analysis*

Contrary to the instructions of the court, the majority of Plaintiff's Motion to Compel was directed toward Defendants' responses to Plaintiff's initial set of written discovery served on Plaintiff on October 27, 2010.[1]  Contested issues concerning this earlier discovery had not been discussed at the January 10, 2011 hearing because both the submission and responses were timely filed.[2]  Plaintiff's sole mention of the supplemental discovery request in his Motion to Compel was,

> To Plaintiff's knowledge, Defendant Frangis has previously been treated for an alcohol abuse issues (sic) while serving as Elbert County Sheriff.  Plaintiff must determine whether such issue may have impaired his ability to properly supervise and train officers in his command on the proper use of force.  Such substance abuse would inhibit his ability to assess the actions of his officers and therefore such information is both relevant and probative to the issues in this case.  Such evidence outweighs any prejudicial effect on Defendant.

(Mot. Compel at 8.)  Plaintiff did not provide, in spite of the court's specific directive, any excuse or justification for not serving the supplemental discovery requests thirty days or more before the discovery cut off date as required.

In spite of Plaintiff's obvious overreaching in the Motion to Compel, the court duly considered each of Plaintiff's complaints about Defendants' responses to discovery and was

---

[1] The discovery was propounded by Plaintiff on or about October 1, 2010.  (Mot. Compel at 1.)

[2] The discovery cut off date applicable at the time the dispute between the parties arose was November 30, 2011.

prepared to announce its ruling from the bench during the April 6, 2011 final pretrial conference. The court explained in detail to Plaintiff the purpose of objections to discovery as well as the fact that all but two of Plaintiff's discovery requests were answered in full notwithstanding the objections made by Defendants. After considering each of Plaintiff's allegations concerning his initial discovery requests, the court sustained Defendants' objections and denied Plaintiff's motion.

The court then took up the issue of the supplemental requests for medical and psychological records of the individual defendants. The court found Plaintiff's orally proffered relevancy argument in favor of compelling production of the psychological records of Defendants to be grounded upon a very tenuous string of "what ifs," beginning with the allegation that Plaintiff "thought maybe" one of the defendant officers had served in the military deploying in the Middle East; "some people" who served in the military deployed in the Middle East had come back to the United States with post traumatic stress disorder (PTSD); and, "if" one of the defendants had suffered from PTSD as a result of his military service, that "might explain" the actions the officer took during the arrest of the Plaintiff in 2007. The court found Plaintiff's justification for his request to compel production of psychological and medical records of either Defendant to be substantively deficient to establish relevancy and denied the remainder of the Motion to Compel. As noted, Plaintiff did not attempt to furnish good cause for his delay in making the supplemental discovery request in the first instance.

Having prevailed on their objections to Plaintiff's Motion to Compel, Defendants persisted in their request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5).

>Federal Rule of Civil Procedure 37(a) provides:
>
>(5) Payment of Expenses; Protective Orders.
>   (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees. But the court must not order this payment if:
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>     (iii) other circumstances make an award of expenses unjust.

*Id*. (underlining added). The court, having considered the total absence of merit of the Plaintiff's Motion to Compel, reluctantly awarded Defendants reasonable fees and costs pursuant to the mandatory language of the Rule.

Now, however, after reviewing and considering the transcript of the January 10, 2011 hearing, this court concludes that its award of fees and costs to Defendants on the defeated Motion to Compel was improvident. Examining the record as a whole, this court concludes that the *pro se* Plaintiff was unfortunately misled by the court's well-intentioned concession to allow him to file a motion to compel well beyond the discovery cut off date. Although the court underscored that merely allowing the filing of a motion to compel out of time did not in any way guarantee prevailing on the merits (Trans. 10:17-19), the court did not clearly explain to Plaintiff that he could still be subjected to sanctions if his motion to compel were to be found lacking in merit.

This court finds that its comments to Plaintiff during the January 10, 2011 hearing and Plaintiff's obvious confusion about those comments make an award of sanctions at this time unjust. Plaintiff clearly believed he was proceeding in a manner sanctioned by the court, notwithstanding his motion's over-breadth and lack of substantive merit.

Therefore, it is **ORDERED**

The court hereby reconsiders and reverses its previous ruling on April 6, 2011. Defendants' request for sanctions pursuant to Fed. R. Civ. P. 37(a)(5) contained in "Defendants' Response to Plaintiff's Motion to Compel Discovery" [Doc. No. 104] is **DENIED**.

Dated this 11th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge